UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:     -CIV

ANA PONCE

    Plaintiff,

v.

SKYHOP GLOBAL, LLC.

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ANA PONCE (hereafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues Defendant, SKYHOP GLOBAL, LLC. (hereafter "Defendant"), and in support avers as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or costs for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., and Section 760.10 of the Florida Statutes to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of gender and sexual harassment found on Plaintiff's complaint of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade County, Florida and Defendant is situated in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Limited Liability Company doing business in Miami-Dade County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Defendant is a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et.seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

9. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq.

10. At all times material hereto Defendant is an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

11. At all times hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01 et seq.

12. Plaintiff is a female former employee of the Defendant is a member of a class of persons protected from discrimination in her employment.

13. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. On or about November of 2018 Plaintiff began her with the Defendant as a driver.

16. On or around November of 2018 through the end of Plaintiff's employment with Defendant, Plaintiff was sexually harassed by her supervisor, David Palacios.

17. During her time with Defendant, David Palacios made numerous unwanted verbal sexual remarks upon Plaintiff.

18. As a driver, Plaintiff's van had a camera installed inside the van per Defendant's company policy.

19. Plaintiff was told by David Palacios that he enjoyed watching her through the camera.

20. David Palacios told Plaintiff that he was a fan of her.

21. Plaintiff immediately objected to these comments and told David Palacios that she was married. However, David Palacios continued his sexual advances toward Plaintiff.

22. David Palacios frequently told Plaintiff that her hair was beautiful.

23. David Palacios frequently told that she was pretty.

24. Plaintiff felt like she was being observed at all times by David Palacios while she was in the van, whether it was while driving or even eating lunch.

25. On numerous occasions, David Palacios would call Plaintiff to make inappropriate sexual comments.

26. On or about February 7, 2019, Plaintiff suffered a work accident. Plaintiff was out of work for two weeks.

27. When Plaintiff returned to work, Plaintiff began working in the office, where David Palacios worked, due to her work restrictions.

28. Plaintiff felt uncomfortable so she contacted Human Resources and requested to work with another supervisor, Claudia.

29. While working in the office with David Palacios, David Palacios continued his inappropriate sexual advances towards Plaintiff.

30. David Palacios would call Plaintiff several times during the day to interrupt Plaintiff's work and tell her inappropriate comments.

31. David Palacios would caress Plaintiff's hands whenever he handed Plaintiff his phone.

32. David Palacios would put keys down Plaintiff's leg instead of handing it to her.

33. On or about March 28, 2019, David told Plaintiff that she was not a good worker in a very gross and rude manner.

34. Plaintiff immediately notified Sandy from Human Resources about the incident.

35. Not only did Plaintiff tell Sandy about the March 28, 2019 incident, but Plaintiff reported all the sexual advances from David Palacios.

36. Plaintiff reported the sexual harassment she endured from David.

37. Plaintiff sent Sandy various written messaged detailing all the incidents with David.

38. Plaintiff was told by Sandy that Defendant would conduct an investigation, however, Defendant never took any action.

39. Defendant did not take any action against David

40. Defendant did not take any action against Noel Morales.

41. Noel Morales was a top salesman for Defendant and he was protected by Defendant.

42. Defendant's constant sexual remarks and advances made Plaintiff feel extremely uncomfortable.

43. Male employees were not subject to sexual advances and remarks by Noel Morales.

44. As such, male employees did not feel uncomfortable at work and did not have to change their regular behavior to avoid Defendant.

45. Plaintiff was at a disadvantage from male employees because she constantly feared Defendant would sexually harass her.

46. On or about April 2, 2019, Plaintiff decided to leave her employment with Defendant as a result of the sexually harassing behavior from David and the lack of action by Defendant.

47. Plaintiff was qualified for her job as a driver. Plaintiff never received any warnings or disciplinary action from Defendant during her employment.

48. On or about May 10, 2019 Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (hereafter referred to as the "EEOC").

49. On or about March 4, 2020, the EEOC issued a "Notice of Suit Rights" to Plaintiff.

50. Plaintiff has suffered damages from the conduct of Noel Morales, the Defendant and their agents.

## COUNT I
## SEXUAL HARASSMENT

51. Plaintiff reasserts her allegations in paragraph 1-50 as fully set forth herein.

52. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1) It shall be an unlawful employment practice for an employer:
>
> (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

53. As part of its prohibitions, Title VII prohibits sexual harassment.

54. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance violation of Title VII.

55. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female), and constituted actionable sexual harassment.

56. Defendant's alleged basis for its adverse conduct against Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

57. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

58. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff

according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

59. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

60. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

## COUNT II
## SEX/GENDER DISCRIMINATION

61. Plaintiff reasserts her allegations in paragraph 1-50 as fully set forth herein.

62. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

   "(1)   It shall be an unlawful employment practice for an employer:

   (b) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

63. Title VII accordingly prohibits discrimination based on sex.

64. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

65. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

66. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

67. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

68. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

69. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
## SEXUAL HARASSMENT UNDER THE FCRA

70. Plaintiff reasserts her allegations in paragraphs 1- 50 as fully set forth herein.

71. Section 760.10 of the FCRA states in relevant part:

"(1) It is unlawful employment practice for an employer:

      (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

72. As part of its prohibitions, the FCRA prohibits sexual harassment.

73. The conduct to which Plaintiff was subjected to was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

74. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female), and constituted sexual harassment.

75. Defendant's alleged bases for its adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

76. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff.

77. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

78. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

79. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages.

## COUNT IV
## SEX/GENDER DISCRIMINATION UNDER FCRA

80. Plaintiff reasserts her allegations in paragraphs 1-50 as fully set forth herein.

81. Section 760.10 of the FCRA states in relevant part

> (1) It is an unlawful employment practice for an employer:
>
>> (b) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

82. The FCRA accordingly prohibits discrimination based on sex.

83. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which female individuals were not and would not have been subjected, in violation of the FCRA.

84. Defendant's alleged bases for its adverse conduct against the Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

85. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors of Defendant's adverse conduct toward Plaintiff.

86. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

87. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

88. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of the FCRA.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury

Respectfully submitted

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223